IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT JAMES HOWARD,             *
                                 *
     Petitioner,                 *
                                 *      CIVIL ACTION NO. 15-00620-CG-B
vs.                              *      CRIMINAL NO. 14-00011-CG-B
                                 *
UNITED STATES OF AMERICA,        *
                                 *
     Respondent.                 *

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Robert James Howard's Motion to Set Aside, Correct, or Vacate Sentence pursuant to 28 U.S.C. § 2255. (Doc. 68). This action has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8 (b) of the Rules Governing Section 2255 cases. The undersigned finds that the record is adequate to dispose of this matter; thus, no evidentiary hearing is required. Upon consideration, it is **recommended** that Petitioner Howard's petition be **denied** as successive and that the Court find that Howard is not entitled to a certificate of appealability or the option to appeal *in forma pauperis*.

## I.   BACKGROUND

Howard was indicted on January 31, 2014, for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2(a) (Count One), possession with intent to distribute cocaine in violation of 21 U.S.C. §§

841(a)(1) and 18 U.S.C. § 2(a) (Count Two), possession of a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 846 (Count Three), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Four). (Doc. 1). On August 18, 2014, Howard entered a plea of guilty to as to Counts One and Three of the indictment charging the offenses of conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 846 and possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). (Doc. 18). Howard was sentenced to 180 months imprisonment, said term consisting of 120 months as to Count 1 and 60 months as to Count 3, to be served consecutively. (Doc. 26). He did not appeal. (Doc. 28).

On November 26, 2015,[1] Howard filed his first § 2255 habeas petition raising three claims of ineffective assistance of counsel.[2] (Docs. 33, 42). In an order dated February 11, 2019,

---

[1] Under the federal "mailbox rule," a *pro se* federal habeas petition is deemed to be filed on the date that it was delivered to prison authorities for mailing (*i.e.,* signed). See Taylor v. Williams, 528 F.3d 847, 849 n.3 (11th Cir. 2008); see also Rodriguez v. United States, 279 Fed. Appx. 753, 753 (11th Cir. 2008).

[2] After Howard's petition had been fully briefed, he sought permission to amend his petition to add a claim that his firearm conviction under 924(c) for possessing a firearm during a drug trafficking crime should be vacated in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551, 192 L. Ed 2d 569 (2015). (Doc. 42 at 21-22). The Court denied the motion as

the Court denied Howard's petition for habeas relief and dismissed his petition with prejudice. (Doc. 46).  A final judgment issued on the same date.  (Doc. 47).

On February 24, 2022, Howard filed the instant petition again seeking federal habeas relief under § 2255.  (Doc. 68).  In this second petition, Howard seeks habeas relief based on a purported recent decision of the Supreme Court in "United States v. Taylor," which Howard asserts without citation.  According to Howard, this recent decision requires reversal of the district court's decision convicting him "on the 924(c) offense, for a drug trafficking crime is not a crime of violence pursuant to VICAR." (Doc. 68 at 12).

## II.  ANALYSIS

The Court observes that "[a] second or successive motion [to vacate] must be certified as provided in section 2244 by a panel of the appropriate court of appeals."  28 U.S.C. § 2255(h).  A petitioner must seek and obtain this certification "[b]efore a second or successive application . . . is filed in the district court."  28 U.S.C. § 2244(b)(3)(A); see also Rule 9 of the Rules Governing § 2255 Habeas Cases ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.").

---

meritless and futile.  (Id.; Doc. 46).

"Failure to petition [the court of appeals] for permission to file a successive § 2255 motion leaves the district court without jurisdiction to rule on the successive § 2255 motion and the motion should be dismissed." Lazo v. United States, 314 F.3d 571, 574 (11th Cir. 2002), *vacated on other rounds sub nom.,* Gonzalez v. Secretary for the Dep't of Corrs., 326 F.3d 1175 (11th Cir. 2003), *superseding opinion*, 366 F.3d 1253 (11th Cir. 2004); see also United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); Allen v. United States, 2012 U.S. Dist. LEXIS 73734, 2012 WL 1946246, *1 (S.D. Ala. Apr. 6, 2012), *report and recommendation adopted*, 2012 WL 1946511 (S.D. Ala. May 29, 2012)("this Court finds that Allen has not obtained the required leave to file this successive petition and, therefore, this Court is required to dismiss it.")

Notwithstanding the arguments contained in Howard's current petition, this Court lacks jurisdiction to address his petition absent permission from the Eleventh Circuit authorizing him to file a successive petition. See Lazo, 314 F.3d at 574; Fredriksen v. United States, 2013 U.S. Dist. LEXIS 127458 (S.D. Ala. Aug. 2, 2013), *report and recommendation adopted*, 2013 WL 4776314, *2 (S.D. Ala. Sept. 5, 2013). Howard does not allege, and the record does not establish, that he sought and obtained permission from the Eleventh Circuit before filing the instant successive petition;

4

thus, this Court is required to dismiss his petition.[3]

Accordingly, it is recommended that Petitioner Robert James Howard's successive petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2255 (Doc. 68) be denied and that judgment be entered in favor of the Respondent, the United States of America.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a

---

[3] Because this court lacks jurisdiction to consider a successive petition unless and until a petitioner receives permission from the Eleventh Circuit to bring the petition, the court may consider whether a petition is successive *sua sponte*. See, e.g., Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007) (Federal courts are "obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking."). "If the applicant has not sought permission, the district court must dismiss the petition." Roberts v. Noe, 2019 U.S. Dist. LEXIS 71806, *4, 2019 WL 1905176, *2 (N.D. Ala. Apr. 15, 2019), *report and recommendation adopted*, 2019 WL 1897438 (N.D. Ala. Apr. 29, 2019).

constitutional right."  28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000).  Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394 77 L. Ed. 2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931

(2003).

The instant petition does not warrant the issuance of a Certificate of Appealability.   Because Howard did not seek permission from the Eleventh Circuit before filing his successive petition, and jurisdiction is lacking as a result, reasonable jurists could not debate whether his petition should be resolved in a different manner or deserves to proceed further.   It is thus recommended that any request for a Certificate of Appealability be denied.

**CONCLUSION**

For the foregoing reasons, it is recommended that Petitioner's § 2255 Motion to Set Aside, Correct, or Vacate Sentence (Doc. 68) be **DENIED,** that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Robert James Howard.   The undersigned Magistrate Judge further opines that Petitioner is not entitled to the issuance of a certificate of appealability or the option to appeal *in forma pauperis*.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **4th** day of **March, 2022.**

                              /s/ SONJA F. BIVINS
                    UNITED STATES MAGISTRATE JUDGE